IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| **DEDRICK POLK, #2376179** | § | |
| | § | |
| **VS.** | § | **CIVIL ACTION NO. 4:23cv261** |
| | § | |
| **GRAYSON CNTY. HEALTH DEP'T.** | § | |

REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE

*Pro se* Plaintiff Dedrick Polk filed the above-styled and numbered civil rights lawsuit pursuant to 42 U.S.C. § 1983. The case was referred to the undersigned United States Magistrate Judge for findings of fact, conclusions of law, and recommendations for the disposition of the case pursuant to 28 U.S.C. § 636, and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to the United States Magistrate Judge.

Plaintiff filed a motion for leave to proceed *in forma pauperis* (Dkt. #3), but did not submit a certified copy of his financial activity from his place of confinement. Accordingly, the court ordered Plaintiff to submit a certified *in forma pauperis* data sheet reporting trust fund activities for the last six months on July 28, 2023. (Dkt. #6). In response, Plaintiff filed "Grayson County Jail Request Form" on August 16, 2023. (Dkt. #7). On August 18, 2023, the court notified Plaintiff that his submission was insufficient. (Dkt. #8). The court explained that he must submit a resident transaction detail from Grayson County Jail showing both deposits and debits to his account. He was warned that failure to comply may result in the dismissal of his case. In response, Plaintiff sent a notice simply stating, "This is the information requested in letter I received. Receipt #827042-7/31/2023 Combs." (Dkt. #9). Again, this is not sufficient. Without a certified copy of his financial activity from his current place of confinement, the court is unable to determine if Plaintiff qualifies

to proceed *in forma pauperis*.  As of this date,  Plaintiff has not complied with the court's Orders;

thus, he has failed to prosecute the case.  FED. R. CIV. P. 41(b).

A district court may dismiss an action for failure to prosecute or to comply with any order

of the court.  *Campbell v. Wilkinson*, 988 F.3d 798, 800 (5th Cir. 2021); FED. R. CIV. P. 41(b).  The

exercise of the power to dismiss for failure to prosecute is committed to the sound discretion of the

court, and appellate review is confined solely to whether the court's discretion was abused.  *Green

v. Forney Eng'g Co.*, 589 F.2d 243, 247 (5th Cir. 1979); *Lopez v. Aransas Cnty. Indep. Sch. Dist.*,

570 F.2d 541, 544 (5th Cir. 1978).  Not only may a district court dismiss for want of prosecution

upon motion of a defendant,  it may also *sua sponte* dismiss an action whenever necessary to achieve

the orderly and expeditious disposition of cases.  *Anthony v. Marion Cnty. Gen. Hosp.*, 617 F.2d

1164, 1167 (5th Cir. 1980).

In the present case, Plaintiff has failed to comply with the court's Orders to submit a certified

copy of his financial activity from his current place of confinement (Dkt. ## 6, 8).  Accordingly,  the

case should be dismissed for failure to prosecute.  *See Jeffery v. Davis*, No. 3:20-CV-164-C (BH),

2020 WL 2363458, at *1 (N.D. Tex. Apr. 20, 2020) ("This case should be dismissed without

prejudice under Fed. R. Civ. P. 41(b) for failure to prosecute or follow orders of the court[.]"), *report

and recommendation adopted*, No. 3:20-CV-164-C-BH, 2020 WL 2343157 (N.D. Tex. May 11,

2020); *see also Wildhaber v. United States*, No. 3:19-CV-2045-K (BH), 2020 WL 2544021, at *1

(N.D. Tex. Apr. 20, 2020) (case should be dismissed  when Plaintiff failed to comply with the court

order that  he  either  pay  the  filing  fee  or  file  an  IFP  application  with  a  certified  inmate  trust

account), *report and recommendation adopted*, No. 3:19-CV-2045-K, 2020 WL 2542735 (N.D. Tex.

May 19, 2020).[1]  Plaintiff has failed to comply with the court's Orders (Dkt. ## 6, 8).  Accordingly,

the case should be dismissed for failure to prosecute.  *See* FED. R. CIV. P. 41(b).

## CONCLUSION AND RECOMMENDATION

Based on the foregoing, the court recommends that this case be **DISMISSED WITHOUT**

**PREJUDICE** under Federal Rule of Civil Procedure 41(b).  *See* FED. R. CIV. P. 41(b).

Within fourteen (14) days after service of the magistrate judge's report, any party must serve

and file specific written objections to the findings and recommendations of the magistrate judge.

28 U.S.C. § 636(b)(1)( c).  To be specific, an objection must identify the specific finding or

recommendation to which objection is made, state the basis for the objection, and specify the place

in the magistrate judge's report and recommendation where the disputed determination is found.  An

objection that merely incorporates by reference or refers to the briefing before the magistrate judge

is not specific.

Failure to file specific, written objections will bar the party from appealing the unobjected-to

factual findings and legal conclusions of the magistrate judge that are accepted by the district court,

except upon grounds of plain error, provided that the party has been served with notice that such

consequences will result from a failure to object.  *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d

---

[1]  Dismissal with prejudice for failure to obey an order or failure to prosecute is an extreme sanction that should be employed only when the plaintiff's conduct has threatened the integrity of the judicial process in such a way that leaves the court no choice but to deny the plaintiff benefits.  *McNeal v. Papasan*, 842 F.2d 787, 790 (5th Cir. 1988).  A court should consider lesser sanctions, such as fines, costs, damages, conditional dismissals, and dismissals without prejudice, among other lesser measures prior to dismissing a case with prejudice.  *Id.* at 793.  In the present case, Plaintiff has failed to comply with the court's Orders to submit a certified copy of his financial transactions from his current place of confinement.  However, Plaintiff's intentions and actions do not threaten the judicial process, and a dismissal with prejudice is inappropriate.

1415, 1417 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1)

(extending the time to file objections from ten to fourteen days).

**SIGNED this 30th day of October, 2023.**


_____
AILEEN GOLDMAN DURRETT
UNITED STATES MAGISTRATE JUDGE